Mr. Justice Nolt
delivered his opinion, as follows:
I concur in the opinion that has been delivered by my brother Colcock, that a new trial ought to be granted in this case. But I have taken a view different from that expressed by him on some of the points submitted to the Court. Whether the Constitution of the United States supercedes the power of the States, to pass Bankrupt Laws ; is a question on which I consider it unnecessary to give an opinion, at this time. I shall confine my observations altogether to the distinction between Bankrupt and Insolvent Laws,
*499 Lord Coke says, “ a Bankrupt signifies generally, either man or woman, that living by buying and selling, has gotten other men’s goods into his or her possession, and hideth himself in places unknown, or in his own house, in .order to deceive his creditors, (4 Inst. 177.) And Mr, Justice Blackstone defines one to be “ a trader who secretes himself, or does certain other acts tending to defraud his creditors, (2 Black. 4/1.) The same author further says, that the benefit of the Laws of Bankruptcy is allowed to none but actual traders, (Do. 4/3.) The first English Statute on the subject does not appear to limit it to persons employed in trade, though that seems to have been its ' principal object. JBut by the 13th Eliz. c. /, the operation of the Bankrupt Laws is confined to such persons only as have “ used the trade of merchandize.''1 There can be no doubt but that the British Parliament has the power to extend their Bankrupt Laws to all descriptions of persons, and to make every Insolvent man in the kingdom a bankrupt. But they have not done so. And long before the adoption of the Federal Constitution, the word “ Bankrupt” had acquired a precise and definite meaning; and was as well understood, as defined by Lord Coke and Mr. Justice Blackstone, as any word in the English Language. When therefore it was introduced into our Constitution, it is to be presumed, that it was intended to be used in the same sense in which it had been understood for centuries before. And, I do not think, that, according to the tenor and spirit of the Constitution, we can give it any other meaning. The powers of Congress are limited to subjects involving the interest of the United States generally. Why was power given to Congress to regulate commerce? Obviously, because that was a source from whence collisions between the several States, and with foreign nations, might be expected to arise. If commerce had been confined to the individual members of each State, and within the limits of the State, no such power would ever have been delegated to Congress. And the power to pass uniform jaws' of Bankruptcy seems to *500 have been granted as a necessary incident to tbe power regulate commerce. In imy other view it was unnecessary ; for each state was unquestionably competent to regulate its own internal commerce. The two clauses of the Constitution therefore may read together as one in the following manner: w Congress shall have power to regulate commerce with foreign nations, and among the several States, and with the Indian tribes, and for that purpose, may establish uniform laws on the subject of Bankruptcy, throughout the United States.”
It is only to cases of a commercial nature that the operation of the Bankrupt laws of the United States can extend. There then, remains a numerous class of cases to which, insolvent Laws may be extended, over which Congress has no control, and over which the individual states alone have jurisdiction. It may, nevertheless, be made a question,-whether the benefit of an insolvent law may be allowed to one who is also subject to the laws of bankruptcy. It is necessary therefore to look a little* further-into the distinction between those two 'descriptions of laws.
Bankrupt laws, according to the definition above given, are founded in fraud; insolvent laws in misfortune. Bankrupt laws are intended for the benefit of creditors ; insolvent laws for the benefit of debtors. The process of bankruptcy is compulsory on the debtor; that of insolvency on the creditor. By the process of bankruptcy, the debtor is compelled to surrender up his property, for the benefit of the creditors; *by the process of insolvency, he is permitted to do so, and the creditor is compelled to accept of it in discharge of the debtor. The objects therefore of the laws are different, and the manner of proceeding under them is different, though the effects of both are in many respects the samel With these views, I have no doubt of the Constitutionality of insolvent laws, while they are kept within their legitimate province. And as far as the question is involved 'in this case, I have no doubt on the subject-
K. L. Simons, and Hayne, Att’y Gen. for the motion.
Prioleau and Drayton, contra.
I am of opinion that a new trial ought to be granted, on Jbe last ground mentioned in the opinion of my brother Colcock.